**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3088 |
| Plaintiff - Appellee, | D.C. No. 1:23-cr-00121-SPW-1 |
| v. | MEMORANDUM* |
| ADRIANO SPARKXXX LEBEAUX, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, Senior District Judge, Presiding

Argued and Submitted July 8, 2026
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Adriano Sparkxxx LeBeaux, a citizen of the Northern Cheyenne Tribe in

Lame Deer, Montana, appeals his jury conviction on one count of aggravated

sexual abuse in violation of 18 U.S.C. §§ 2241(a)(1) and 1153(a). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review for abuse of discretion the district court's decision to admit

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

evidence of LeBeaux's alleged prior sexual abuse of Jane Doe 1. *United States v. Sioux*, 362 F.3d 1241, 1244 n.5 (9th Cir. 2004). The district court did not abuse its discretion in evaluating that evidence under Federal Rules of Evidence 104(b), 413, and 403.

First, the court did not abuse its discretion in applying Rule 104(b) and the standard set forth in *Huddleston v. United States*, 485 U.S. 681, 690 (1988), to conclude that the evidence was conditionally relevant. The court ruled that the government introduced proof "sufficient to support a finding" that the alleged prior sexual abuse had occurred. Fed. R. Evid. 104(b). The court also determined that "the jury could reasonably find the conditional fact" of the alleged prior sexual abuse "by a preponderance of the evidence," *Huddleston*, 485 U.S. at 690, so long as the government introduced proof sufficient to support such a finding at trial. The government met that burden by calling Jane Doe 1 to testify at trial. LeBeaux argues on appeal that the district court should have conducted an evidentiary hearing under Rule 104(c) *sua sponte*, but he does not persuasively explain why "justice . . . require[d]" the district court to do so. Fed. R. Evid. 104(c).

Second, the district court did not abuse its discretion in deeming the prior-act evidence admissible under Rule 413, which allows for the admission of evidence that the defendant committed a similar crime in sexual-assault cases. Fed. R. Evid. 413(a). LeBeaux stood accused of aggravated sexual abuse, and the government

offered the prior-act evidence to show that LeBeaux sexually assaulted Jane Doe 1. The evidence was relevant because it tended to make more probable that LeBeaux assaulted the complainant in this case.

Third, the court did not abuse its discretion in concluding that the probative value of the evidence was not substantially outweighed by the considerations of Rule 403. The district court considered the factors set forth in *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001), and permissibly concluded that they weighed in favor of admission. *See id.* at 1028 (instructing courts to evaluate similarity, closeness in time, frequency, intervening circumstances, and necessity when determining admissibility of evidence).

2. The district court did not abuse its discretion in precluding LeBeaux from introducing evidence that the government had dismissed the prior charge of sexual assault. Even assuming that evidence of the dismissal was minimally relevant, the jury was never informed that LeBeaux had been charged. The district court reasonably determined under Rule 403 that admitting evidence of the dismissal posed a substantial risk of misleading the jury and confusing the issues.

3. Sufficient evidence supported LeBeaux's conviction. "[W]e must ask whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000)

(citation modified).

The complainant testified that LeBeaux raped her while holding a knife to her neck. Several witnesses corroborated some or all of the complainant's testimony. The government's evidence also included Jane Doe 1's testimony that she had been sexually assaulted. The parties stipulated that LeBeaux is an Indian and that his DNA was found on the complaining witness during a sexual-assault examination. Although LeBeaux argues that the evidence was insufficient because the complainant and Jane Doe 1 had trouble remembering the events in question, they were cross-examined fully, and we may not question the jury's assessment of the witnesses' credibility. *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir. 2000).

4. The government's closing and rebuttal arguments did not amount to plain error. To prevail on plain-error review, a defendant must establish, among other things, that any error affected his substantial rights. *United States v. Gomez*, 725 F.3d 1121, 1129–30 (9th Cir. 2013). An error affects substantial rights only if it was "prejudicial" and "affected the outcome of the district court proceedings." *United States v. Daniels*, 760 F.3d 920, 925 (9th Cir. 2014) (citation omitted). "The defendant has the burden of establishing entitlement to relief for plain error." *Greer v. United States*, 593 U.S. 503, 508 (2021) (citation modified).

Even assuming that there was an error that was plain, LeBeaux fails to show

that any prosecutorial error during closing or rebuttal arguments was prejudicial or affected the outcome of the district court proceedings. He therefore has not demonstrated that any error affected his substantial rights.

5.  Because we reject each of LeBeaux's claims of error, we reject his cumulative-error claim as well. *See United States v. Easter*, 66 F.3d 1018, 1023 (9th Cir. 1995).

**AFFIRMED.**